**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROGER MILLER,<br>Plaintiff,<br>vs.<br>DePUY SPINE, INC., et al.,<br>Defendants. | ) | 2:07-cv-01639-RCJ-PAL<br><br>**ORDER** |

Before the Court is Defendant Johnson & Johnson's Motion to Quash Service of Summons and Dismiss filed on December 19, 2007 (#8) and Defendant Johnson & Johnson's Motion to Quash Service of Summons and Dismiss filed May 1, 2008 (#38). The Court has considered the motions and pleadings on file and any oral argument heard before the Court. For the reasons set forth below, the Motion to Quash and Dismiss (#38) is *granted.*

**BACKGROUND**

Plaintiff is a resident of Clark County, Nevada. In November 2005, Mr. Miller's spinal-disc was replaced with a Charite Artificial Disc. Following the procedure, Plaintiff suffered severe back and leg pain, difficulty walking, and numbness in his legs. Plaintiff brought suit against DePuy Spine, the manufacturer of the artificial disc, Johnson & Johnson ("J&J"), who wholly owns DePuy, and Huber Medical Systems.

The Complaint alleges the following: that each Defendant was acting as the agent, servant, and employee of each other Defendant; that all Defendants had such minimum contacts with the state of Nevada so as to confer jurisdiction over their person by the Court; that J&J researched, developed,

manufactured, marketed, promised, advertised, sold, and distributed the artificial spinal disc; and that J&J sought the approval of the FDA to market and sell the artificial spinal disc in the United States.

Plaintiff did not allege any specific facts to establish that J&J had any systematic ties to Nevada that would subject them to the Court's jurisdiction. J&J submit the affidavit of Douglas Chia to establish that J&J does not have the kind of systematic contacts with the state of Nevada which would subject them to the Court's jurisdiction. J&J is incorporated in New Jersey and is the sole shareholder of DePuy Spine, Inc. DePuy and J&J have separate management and separate boards of directors. DePuy is organized under the laws of Ohio and has its principle place of business in Massachusetts. DePuy does not do any business in the name of J&J, nor does J&J do any business under the name of DePuy. J&J is not registered or qualified to do business in the state of Nevada, nor does it own or lease real property in the state, or engage in local advertising or solicit business in Nevada. According to the affidavit, J&J does not ship any products to Nevada, or have any offices, warehouses, plants, distributors, agents, or employees in the state. (Aff. of D. Chia.)

DePuy is independently operated and capitalized. J&J did not pay for the research and development of the artificial spinal disc. The companies run their day to day operations separately. At all times, the two legal entities have maintained separate corporate identities.

**PROCEDURAL HISTORY**

On March 24, 2008, the Court held oral argument on the Motion to Quash Service and Dismiss (#8). The Court granted Plaintiff sixty days to conduct jurisdictional discovery relative to Johnson & Johnson. (#28). Plaintiffs filed an Amended Complaint (#31) on May 1, 2008, adding and removing parties. By order of the Court, J&J's Motion to Quash Service and Dismiss for Lack of Personal Jurisdiction (#8) is redirected to the Amended Complaint. (#36). Following the sixty days allotted for jurisdictional discovery, J&J refiled their Motion to Quash Service and Dismiss as (#38).

## ANALYSIS

### I. Standard for Dismissal

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403. If either party submits materials outside of the pleadings in support or in opposition to the motion to dismiss, and the district court relies on these materials, the motion may be treated as one for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

Since J&J challenged the Court's jurisdiction, the burden is on Plaintiff to establish the facts showing that jurisdiction over J&J is proper under Nevada's long arm statute. *AT&T Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996). At this stage, Plaintiff needs to make a prima facie showing that jurisdiction over J&J is proper. *Id.* at 588-89; N.R.S. 14.065(1). This does not mean that the Court must accept the allegations in the Complaint as true. Where J&J

has presented an affidavit laying forth the absence of J&J's contacts with Nevada, Plaintiff must present some affirmative evidence to rebut the affidavit. *United Elec. Radio & Mach. Workers of Am. (UE) v. 163 Pleasant St.Corp.,* 987 F.2d 39, 44 (1st Cir. 1993); *accord AT&T,* 94 F.3d at 588-89; *see also Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001). Here, Plaintiff has not submitted any affirmative evidence to controvert J&J 's affidavit. The Court may accept the uncontroverted allegations of the affidavit as true for its analysis.

**II. Personal Jurisdiction**

Given the facts as alleged in the Complaint and the affidavit submitted by J&J, the Court may not exercise personal jurisdiction over J&J. In order to do so, J&J would have to have minimum contacts with Nevada, such that it "should reasonablely anticipate being haled into court" in this venue. *World Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

**A. General Jurisdiction.**

General jurisdiction arises when a non-resident defendant's activities in the forum state are "continuous and systematic" and "approximate physical presence" there. *Glencore Grain Rotterdam v. Skivnath Rai Harnarain Co.,* 284 F.3d 1114, 1124 (9th Cir. 2002). Courts have also held that the standard for establishing general jurisdiction is fairly high.

In this case, J&J does not have sufficient contact with Nevada to warrant general jurisdiction. J&J is a holding corporation organized and located in New Jersey. J&J does not conduct business in Nevada, or participate in activities such as local advertising. J&J does not own any real estate in Nevada, nor does it ship goods to the state. In brief, as laid forth in the affidavit and uncontroverted by Plaintiff, J&J does not conduct any activities in the state that would make general jurisdiction appropriate. *See Glencore Grain,* 284 F.3d at 1123-25 (general jurisdiction improper over defendant who did not own property, keep bank accounts, have employees, solicit business, or have service of process agents in forum).

**B. Specific Jurisdiction.**

If general jurisdiction is inappropriate, Plaintiff may seek to establish specific jurisdiction. *Yahoo! Inc. v. La Ligue Contre Le Racism et L'Antisemitisme,* 433 F.3d 1199, 1205 (9th Cir. 2006). As laid forth in the Complaint and the affidavit, there is no activity to support specific jurisdiction over J&J.

To establish specific jurisdiction, Plaintiff must prove three things. First, J&J did some act or consummated some transaction in Nevada, or performed some act by which it purposefully availed itself of the privilege of conducting activities in Nevada. Second, Plaintiff's claim arose out of or resulted from J&J's Nevada-related activities. Third, the exercise of jurisdiction would be reasonable. *See Yahoo!,* 433 F.3d at 1205-06.

Here, the Complaint alleges that the "Defendants" marketed the artificial spinal disc throughout the United States. It also alleges that the Defendants had minimum contacts with the state of Nevada so as to establish jurisdiction. But as discussed above, once Defendants produced an affidavit setting forth facts which go against jurisdiction, the burden shifted to Plaintiff to show that jurisdiction is proper. *AT&T Co.,* 94 F.3d at 588. Plaintiff has not produced any affirmative evidence to rebut the affidavit. Plaintiff simply has not established that J&J's conduct in Nevada was such that J&J availed itself of the protection of Nevada's laws. *Omulek v. Langsten Slip & Batbyggeri,* 52 F.3d 267, 271 (9th Cir. 1995). J&J is not responsible for the production, marketing or sale of the product at issue in this case. These actions were all undertaken by DePuy, J&J's subsidiary. Furthermore, there is no basis to subject J&J to Nevada jurisdiction for DePuy's actions.

**C. The Parent-Subsidiary Relationship between J&J and DePuy.**

As a general rule, where a parent and subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. *Holland Am. Line Inc., et al. v. Wartsila N. Am., Inc., et al.,* 485 F.3d 450, 459 (9th Cir. 2007). For the relationship between

parent and subsidiary to confer personal jurisdiction over the parent, the subsidiary must be acting as the parent company's alter ego. *AT&T,* 94 F.3d at 591.

According to the affidavit, J&J and DePuy observed all corporate formalities with respect to their separate existence. Each entity had their own board of directors, officers, and managing agents; they operate their own facilities, maintain separate and independent by-laws, minutes and corporate records, and have separate bank accounts.

Courts have held that if the separation is real, the use of the subsidiary to conduct business in the forum state does not subject the parent to suit in the forum. *Ryder Truck Rental, Inc. v. Action Foodservices Corp.,* 554 F.Supp. 277, 279 (C.D. Cal. 1983); *see also Holland,* 485 F.3d at 459. Where the parent did not put anything in the stream of commerce, or take any specific action to avail itself of the benefits of the forum, jurisdiction cannot be extended to the parent. *Id.*

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant Johnson & Johnson's Motions to Quash and Dismiss are *granted* (#8, #38). Johnson & Johnson is dismissed from this action with prejudice.

DATED: July 11, 2008

ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(mr)